JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOST GUYS ARE LOSERS LLC, et al.,<br>　　　Plaintiffs,<br><br>　　　　v.<br><br>DRAKE REAL ESTATE SERVICES, et al.,<br>　　　Defendants. | CV 22-4589 DSF (ASx)<br><br>Order GRANTING Motion for Voluntary Dismissal (Dkt. 20) |

　　The sole remaining plaintiff, Eric Ustian, moves to voluntarily dismiss this case pursuant to Federal Rule of Civil Procedure 41(a)(2). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for September 12, 2022 is removed from the Court's calendar.

　　"The decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court." Hamilton v. Firestone Tire & Rubber Co., Inc., 679 F.2d 143, 145 (9th Cir. 1982). "In ruling on a motion for voluntary dismissal, the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." Id. Legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." Westlands Water Dist. v. U.S., 100 F.3d 94, 97 (9th Cir. 1996).

　　Defendants argue that the case should not be voluntarily dismissed without prejudice due to their pending motion to dismiss, which Defendants argue would result in the case being dismissed with prejudice. But it is much more relevant to note that Plaintiff,

appearing pro se, could have dismissed this case, by right, without the agreement of Defendants or the Court. Fed. R. Civ. P. 41(a)(1)(A)(i). Defendants obliquely reference this in their opposition by claiming that Plaintiff "chose" to proceed under Rule 41(a)(2), Opp. at 1, but it seems unlikely that the pro se Plaintiff was making any kind of knowledgeable strategic choice by filing a motion for Court approval, nor is it clear what possible advantage he could derive from doing so.

In short, Plaintiff would have been within his rights simply to dismiss the case without leave of Court. In light of this, and in the absence of any compelling counterarguments,[1] the Court sees no reason not to allow him to dismiss his case voluntarily.

The motion is GRANTED and the case is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Date: September 6, 2022

Dale S. Fischer
United States District Judge

---

[1] Defendants' only argument other than their desire to have their motion to dismiss ruled on is that Plaintiff's stated intention to seek arbitration would deprive them of a federal forum. Defendants claim that there is no enforceable arbitration agreement between the parties, but, in any event, either the case is properly arbitrable and should be in arbitration or it is not and the parties can resolve their differences in court. Dismissal of *this* action does not affect either possibility. To the extent that Plaintiff has violated the order of another court, sanctions should be sought in that court, not this one.